| UNITED STATES DISTRICT COURT | **NOT FOR PUBLICATION** |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SILVIO DE VARGAS NUNEZ,

                Petitioner,

                                          **MEMORANDUM & ORDER**
       -against-                          05-CV-3248(ERK)

PEOPLE OF THE STATE OF NEW YORK,
et al.,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Korman, Ch. J.

      The petition for a writ of habeas corpus raises an issue similar to the one I recently addressed in Hendrickson v. West, 05 CV 2549 (E.D.N.Y. February 2006). I deny the petition for the reasons set out at pp. 2-3 of the Memorandum and Order, a copy of which is annexed. I add these brief additional words. In the § 441.10 petition he filed in New York, petitioner alleged that he was not apprised of the fact that he would be deported as a consequence of his guilty plea. § 440.10 Motion at p. 3 ("petitioner argues that . . . immigration consequences (deportation) had not been mentioned during the negotiation of the plea . . ."). Aside from the fact that this claim is flatly contradicted by the minutes of the plea allocution, Tr. 9-10, June 23, 2003, petitioner now alleges for the first time that his attorney affirmatively mislead him about the deportation consequences of the plea. Pet. at 20. Specifically, petitioner claims that "he was told there would be not immigration consequences of a guilty plea, a statement counsel repeated to the Court at the change of plea hearing." Id.

      This claim is flatly contradicted by the transcript of the proceedings to which petitioner

refers. Moreover, petitioner does not allege that he would not have plead guilty if he knew he would be deported. Instead, he suggest that he would have negotiated for a sentence on each of the three drug offenses he pled guilty to that would not have exceeded nine months. Pet. at 21-22. Such sentence, however, would not have mitigated the deportation consequence of his plea.

Finally, petitioner's claim is unexhausted and procedurally forfeited. While the New York courts have discretion to entertain a second successive petition, it is inconceivable that they would permit one on the grounds alleged here.

**SO ORDERED:**

Brooklyn, New York
February 24 2006          /s
                          Edward R. Korman
                          United States Chief District Judge